# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9014 | **DATE** | 4/28/2003 |
| **CASE TITLE** | Direct Marketing Concepts, Inc. vs. Kevin Trudeau, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. There is no genuine issue of material fact as to the sustainability or nonsustainability of Barefoot's counterclaim, and Direct Marketing is entitled to a judgment as a matter of law in that respect. Direct Marketing's Rule 56 motion for dismissal of the Counterclaim is granted. (34-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 30 2003 | 38 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/28/2003 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



APR 3 0 2003

DIRECT MARKETING CONCEPTS, INC., )
)
    Plaintiff, )
)
v. ) Case No. 02 C 9014
)
KEVIN TRUDEAU, ROBERT BAREFOOT, )
SHOP AMERICA (USA) L.L.C., SHOP )
AMERICA MARKETING GROUP, LLC, )
)
    Defendants. )
_____)
)
KEVIN TRUDEAU, ROBERT BAREFOOT, )
SHOP AMERICA (USA) L.L.C., SHOP )
AMERICA MARKETING GROUP, LLC, )
)
    Counterplaintiffs, )
)
v. )
)
DIRECT MARKETING CONCEPTS, INC., )
)
    Counterdefendant, )
)
and )
)
TRIAD ML MARKETING, INC., and )
KING MEDIA, INC., )
)
    Third-Party Counterdefendants. )

## MEMORANDUM OPINION AND ORDER

Upon receipt of the Fed. R. Civ. P. ("Rule") 56 motion filed by Direct Marketing Concepts, Inc. ("Direct Marketing"), by which it seeks to dismiss the two-count Counterclaim brought against it by Robert Barefoot ("Barefoot"), this Court promptly issued the attached April 11, 2003 memorandum order ("Order") that both set the time for Barefoot's response and attempted to focus his



counsel's attention on the issues that had to be dealt with if he were to survive the motion. Barefoot's counsel has just filed a timely responsive Memorandum in Opposition. Because Barefoot's submission fails at several levels and because it is difficult to rank its flaws in their order of importance, this memorandum opinion and order will simply tick them off as they appear in the Memorandum.

In part Order at 4-5 excused Barefoot from having "to comply fully with the detailed requirements of this District Court's LR 56.1" (which has been adopted to implement Rule 56), because Direct Marketing's motion is legally-oriented rather than fact-based. Accordingly Barefoot's counsel has properly eschewed such LR 16.1 compliance, instead substituting his Statement of Facts at Mem. 2-5. But in setting out Barefoot's version of events in the Background portion of that statement (Mem. 2-3), Barefoot's counsel apparently fails to realize that the statement simply buttresses Direct Marketing's position that Barefoot's merits-oriented assertions confirm their parallelism to the assertions and arguments that he and his counsel had previously tendered to the United States District Court for the Central District of California in what his Memorandum refers to as the "California Action" (a label that will be used here as well). That of course is precisely one of the components that is integral to Direct Marketing's preclusion argument on which its Rule 56 motion is

based.

When Barefoot's counsel then turns from the <u>Statement of Facts</u> section to the Memorandum's section captioned <u>Argument</u>, the first contention advanced there is this (Mem. 6):

> The California District Court Improperly Directed the Barefoot Claims to Arbitration.

But that position is totally frivolous when urged on this Court: It too actually confirms Direct Marketing's point that Barefoot is trying to relitigate in this lawsuit the identical issue on which he lost in the California Action. This Court does not of course sit in review on District Judge Manuel Real, who dealt with that lawsuit and that issue--such review is reserved to the Court of Appeals for the Ninth Circuit, before which the question of the propriety of Judge Real's order requiring arbitration is pending. If Barefoot's counsel had wanted to fashion an argument in favor of (rather than against) preclusion, he could scarcely have done a better job.

Next, the contentions advanced at Mem. 8-12 (its final section, headed "Barefoot's Counterclaim Should Not Be Dismissed Here," are problematic in more than one way. To begin with, even though Barefoot's counsel attempts to "put new wine into old bottles"[1] by seeking to distinguish the types of claims that were advanced in the California Action from those presented in the

---

[1] <u>Matthew</u> 9:17.

3

present Counterclaim, what that argument does not face up to is that Judge Real's ruling necessarily upheld the validity of the arbitration clause in the contract between Barefoot and Direct Marketing. And that of course subsumed the question whether a contract existed at all in the sense sufficient to create an obligation to arbitrate Barefoot's disputes with Direct Marketing (although it did not necessarily determine the ultimate enforceability of, or possible defenses to, the contract itself). With those things being so, Barefoot cannot relitigate those matters here for the reasons already articulated in the Order (which need not be repeated here). In that respect Barefoot's counsel misses entirely the point of the Order's collateral reference to the Prima Paint and Sweet Dreams decisions (Order at 3), which simply pointed to those cases as possible support for Judge Real's decision (an issue, once again, as to which the Order expressly refrained from reviewing on the merits).[2]

Lastly, although Mem. 9-11 seeks to dispute the potential applicability of claim preclusion as a basis for rejecting Barefoot's Counterclaim, such a holding is unnecessary to the resolution of Direct Marketing's motion. Instead it is enough to say that issue preclusion applies because Barefoot--having lost

---

[2] Mem. 9 n.2 quarrels with Judge Real's lack of articulation of a rationale for his order as to arbitration. Once more that is for the Ninth Circuit, not for this Court, to deal with.

4

not only the battle of enforceability of the arbitration clause (Order at 4) but also, in doing so, having lost the other battle referred to in the preceding paragraph--cannot renew those battles in this forum. And as Order at 4 and the authorities cited there confirm, that is unaffected by the pendency of the appeal from Judge Real's decision.

## Conclusion

There is no genuine issue of material fact as to the sustainability or nonsustainability of Barefoot's Counterclaim, and Direct Marketing is entitled to a judgment as a matter of law in that respect. Direct Marketing's Rule 56 motion for dismissal of the Counterclaim is granted. One last point: Nothing has been said in Direct Marketing's motion or supporting materials that seeks to attach finality to this order of dismissal, and so no consideration has been given here to any Rule 54(b) determination.

Milton I. Shadur
Senior United States District Judge

Date: April 28, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECT MARKETING CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN TRUDEAU, ROBERT BAREFOOT, SHOP AMERICA (USA) L.L.C., SHOP AMERICA MARKETING GROUP, LLC, <br><br> Defendants. <br><br>――――――――――――――――――― <br><br> KEVIN TRUDEAU, ROBERT BAREFOOT, SHOP AMERICA (USA) L.L.C., SHOP AMERICA MARKETING GROUP, LLC, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> DIRECT MARKETING CONCEPTS, INC., <br><br> Counter-Defendant, <br><br> and <br><br> TRIAD ML MARKETING, INC., and KING MEDIA, INC., <br><br> Third-Party Counter-Defendants. | Case No. 02 C 9014 |

MEMORANDUM ORDER

This is one of several fronts on which war is being waged over the profits from marketing what may or may not be the same product (depending on whom you listen to). In this district the attack was launched by Direct Marketing Concepts, Inc. ("Direct Marketing") against a number of targets, only to be met with a counterattack by one of them, Robert Barefoot ("Barefoot").

With the combatants having been unsuccessful in the most recent effort by Direct Marketing and others (but not Barefoot, according to some of the other litigants) to negotiate an armistice, let alone a peace treaty, Direct Marketing has just served notice of a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment against Barefoot. Although that notice calls for a presentment date of May 12 (a date that is too far in any event under the District Court's LR 5.3(b)), this Court's review of the moving papers has led it to question why what seems to be an unanswerable ground for a judgment of dismissal should not be dealt with more swiftly.

Not a great deal needs to be said about the merits. Barefoot's Counterclaim against Direct Marketing sounds in quantum meruit[1] or, alternatively, breach of contract. But Barefoot's ability to do battle on those claims in this (or any other) court depends on his ability to dodge the bullet of a mandatory arbitration provision in Paragraph 10 of his Distribution Agreement with Direct Marketing. And that is a battle he has already lost -- lost when District Judge Manuel Real, in a lawsuit brought in the Central District of California by Barefoot and Kevin Trudeau ("Trudeau," who is also his co-defendant here) against Direct Marketing and another defendant,

---

[1] Direct Marketing's counsel would do well to consult a dictionary -- it's not "meriut," as though it were a misspelling of the name of a hotel chain.

2

rejected Barefoot's comparable claims -- and in doing so rejected his argument that the selfsame arbitration clause was unenforceable -- by dismissing those claims as having to be arbitrated and not litigated.

Barefoot, who was represented in the California action by the same Jenner and Block lawyers who are Trudeau's counsel in this case, filed a 15-page memorandum in opposition to Direct Marketing's dismissal motion there. Section III of that memorandum was captioned "The Purported Agreement Between Barefoot and Defendants Is Not a Valid Contract, Therefore its Arbitration Clause Is of No Effect," and it contained a page of argument and citation on that score, as well as referring back to the three-page Section I.B of the memorandum that urged Barefoot's substantive positions as to the invalidity of the Distribution Agreement. As stated earlier, Judge Real flatly turned down all of Barefoot's arguments and compelled his claims to go to arbitration instead.

This Court need not delve into the merits of Judge Real's decision (but see Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967) and such cases following its teaching as Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd., 1 F.2d 639, 643 (7th Cir. 1993), all holding that the asserted invalidity of an underlying contract does not invalidate or taint the enforceability of an arbitration clause within that contract

3

unless an independent showing is made of the invalidity of the arbitration clause itself). What controls for purposes of claim preclusion and issue preclusion in this case is that Barefoot, having lost the battle of enforceability of the arbitration clause in one forum, cannot renew it in this one. And the preclusive effect of that California decision involving the self-same adversaries is unaffected by the pendency of an appeal from Judge Real's decision to the Court of Appeals for the Ninth Circuit (see, e.g., Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 160 (7th Cir. 1995); 18 Moore's Federal Practice §131.30[2][c][ii] (3d ed 2002)).

There may perhaps be an answer to all of this that has escaped this Court, though it presently sees none. Barefoot's counsel are ordered to file a memorandum addressing the preclusion issue in this Court's chambers (with a copy of course being transmitted to Direct Marketing's counsel) on or before April 23, 2003. At this point there seems to be no reason for Barefoot to comply fully with the detailed requirements of this District Court's LR 56.1, as contrasted with simply submitting such a legal memorandum -- but this is not intended to foreclose Barefoot's counsel from tending other material, if they wish, by

which they would hope to resist an adverse judgment on the grounds of claim preclusion and issue preclusion.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 11, 2003