# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9014 | **DATE** | 4/30/2003 |
| **CASE TITLE** | Direct Marketing Concepts, Inc. vs. Kevin Trudeau | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, with there being no genuine issued of material fact, Direct Marketing is entitled to a judgment as a matter of law regarding Trudeau's Counterclaim. Accordingly Direct Marketing's motion for the dismissal of that Counterclaim is granted. (18-1) But as to the like motion against Shop America, Direct Marketing's counsel are ordered to file a reply memorandum on or before May 16, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 44 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/2/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECT MARKETING CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN TRUDEAU, ROBERT BAREFOOT, SHOP AMERICA (USA) L.L.C., SHOP AMERICA MARKETING GROUP, LLC, <br><br> Defendants. <br><br> KEVIN TRUDEAU, ROBERT BAREFOOT, SHOP AMERICA (USA) L.L.C., SHOP AMERICA MARKETING GROUP, LLC, <br><br> Counterplaintiffs, <br><br> v. <br><br> DIRECT MARKETING CONCEPTS, INC., <br><br> Counterdefendant, <br><br> and <br><br> TRIAD ML MARKETING, INC., and KING MEDIA, INC., <br><br> Third-Party Counterdefendants. | Case No. 02 C 9014 |

MEMORANDUM OPINION AND ORDER

Both Kevin Trudeau ("Trudeau") and Shop America (USA) L.L.C. and Shop America Marketing Group, LLC (collectively "Shop America") have responded to a Fed. R. Civ. P. ("Rule") 56 motion by which Direct Marketing Concepts, Inc. ("Direct Marketing") and Triad ML Marketing Group ("Triad") seek the dismissal of the

44

Trudeau-Shop America Counterclaim against them.[1] Because the arguments asserted by Shop America have obvious force, this Court (without expressing any ultimate view on the merits) orders the filing of a reply memorandum on that branch of the motion. But Trudeau's railing against the treatment that it received in the California Action from District Judge Manuel Real cannot obscure the clear applicability of claim preclusion principles to bar its claim here.

It should be emphasized that this Court is not called upon, nor would it be proper for it, to rule on the validity of Judge Real's rulings, which are now on appeal to the Court of Appeals for the Ninth Circuit. It does not matter for present purposes whether Judge Real may have been wrong or even plainly wrong--what Trudeau's counsel do their best to obscure, but are obviously doing when they urge that Judge Real entered a final order that refused them leave to assert theories of recovery that they now seek to bring here, is that their filing of such a counterclaim in this action amounts to an impermissible collateral attack on that final order in the California Action.

This opinion turns then to the acknowledged requirements for

---

[1] Because the claim preclusion contention on which the Rule 56 motion is premised has been treated by Trudeau and Shop America (just as the motion treated the issue) in terms of Direct Marketing's involvement as defendant in the California District Court lawsuit that everyone has been referring to as the "California Action," this opinion too will speak in the same terms. Accordingly there is no need to refer further to Triad.

a claim preclusion bar.[2] Because Trudeau cannot of course claim (as does Shop America) that there was no identity of parties in the California Action and this one, Trudeau-Shop America's Mem. 9 (emphasis in original) seeks to disclaim the other two claim preclusion ingredients:

> Second, as to Trudeau, while it is correct that the breach-of-contract and quasi-contract claims he asserts here are the same as those he <u>tried</u> to assert in the California Action, his timely attempt there to amend his complaint as of right under Fed. R. Civ. P. 15(a) was denied. Res judicata therefore does not bar the assertion of those claims.
>
> Third, Movants cannot establish that there was a final judgment on the merits in the California Action, because the dismissal must be construed as resting on lack of subject-matter jurisdiction.

Both of those contentions are patently wrong.

Indeed, both of those arguments suffer from the too-commonly-held misperception of what constitutes a "claim," which is the operative concept in federal pleading and practice. On that score this Court cannot improve on what it has had frequent occasion to quote from <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F.2d 287, 292 (7th Cir. 1992):

> Identifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail,

---

[2] This Court has regularly explained its preference for the more precise terms "claim preclusion" and "issue preclusion," rather than "res judicata" (which is often employed as a blanket term covering both those concepts, and is hence potentially susceptible to creating confusion in some circumstances), by referring to the discussion in <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1984).

> but this organization does not track the idea of "claim for relief" in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a "cause of action." The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.
>
> One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate. <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 789 F.2d 589 (7th Cir. 1986); <u>Supporters to Oppose Pollution, Inc. v. Heritage Group</u>, 973 F.2d 1320, 1325-27 (7th Cir. Aug. 28, 1992). Plaintiffs could not litigate and lose a suit asserting that American Family's redlining violates Title VIII, pursue another asserting that redlining violates §1981, and then crank up a third asserting that redlining violates §1982. If these principles--well understood when dealing with the preclusive effects of judgments--define a "claim" for purposes of Rule 54(b), then this appeal must be dismissed.

As if to rebut the overly optimistic statement in that quotation as to how well understood its stated principles are "when dealing with the preclusive effects of judgments," here Trudeau's counsel has erroneously characterized as "claims" the numerous counts contained in Trudeau's California Complaint and Amended Complaint and in his unsuccessful Application for Leave to Amend Complaint as a Matter of Course ("Application"). That mischaracterization is heedless of the fact that what all of those pleadings and proposed pleadings were really talking about

4

were different theories of recovery ("alternative claims for breach of contract and unjust enrichment" is the description in Mem. 7), but that all of them advanced a single claim in the true sense. In speaking of Shop America, Mem. 13 exhibits the same careless confusion of concepts by referring to "causes of action" even while quoting accurately as to the concept of a claim:

> Put another way, claims are precluded only when two causes of action arise from "a single core of operative facts which give rise to a remedy." <u>Andersen v. Chrysler Corp.</u>, 99 F.3d 846, 852 (7th Cir. 1996).

In that regard it is not only noteworthy but controlling that counsel do not (as they cannot) contend as to Trudeau, as they do regarding Shop America, that all of their efforts to proceed on his behalf, both in the California Action and via their Counterclaim here, arise from anything other than "a single core of operative facts which give rise to a remedy." And Judge Real's rejection of Trudeau's claim in the California Action, whether by his initial dismissal order or through his refusal to permit the claim to be repackaged into different theories of recovery, cannot be attacked collaterally by an attempted reassertion here rather than being challenged directly by the pending appeal to the Ninth Circuit. That is the essence of claim preclusion--of res judicata, as it is often called (see n.2) and as Trudeau's counsel speak of it.

That is just as fatal to Trudeau's second contention as it has been to his first. Here is how Mem. 19 (footnote omitted)

5

describes Direct Marketing's successful motion to dismiss in the California Action:

> DMC's [Direct Marketing's] motion against Trudeau in the California Action was asserted under Rule 12(b)(6). Its argument was that, where the parties' dispute fundamentally sounds in breach of contract, the Lanham Act cannot apply.

But now Trudeau's counsel attempts to engage in revisionist history by seeking to refashion the dismissal order in the California Action as based on a lack of subject matter jurisdiction, even though Judge Real said nothing of the sort. Instead his order, albeit cryptic, expressly framed the dismissal as being "with prejudice" (other than as it applied to claims by Robert Barefoot ("Barefoot") that were dismissed because they had to go to arbitration). That "with prejudice" language was repeated when Trudeau sought to file his Amended Complaint in the California Action. And Judge Real's denial of Trudeau's third and final effort to "put new wine into old bottles"[3] by submitting the Application similarly says not a word that even hints at a dismissal for lack of subject matter jurisdiction.

This Court must therefore reject Trudeau's attempt to read the judicial mind (or to divine tea leaves) to change what Judge Real said into what counsel believes he should have said. Again

---

[3] This Court confesses to plagiarizing that quotation from Matthew 9:17 from its April 28, 2003 memorandum opinion and order, which granted Direct Marketing a like summary judgment dismissing Barefoot's two-count Counterclaim in this action.

6

whether Judge Real was correct in dismissing Trudeau's action against Direct Marketing "with prejudice" is for the Ninth Circuit, not for this Court, to decide. Unless and until that ruling is overturned, this Court is bound to accord that ruling the full faith and credit to which it is entitled, a treatment unaffected by the pendency of the appeal (in that respect see, e.g., Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 160 (7th Cir. 1995); 18 Moore's Federal Practice §131.30[2][c][ii](3d ed. 2002)).

## Conclusion

For the reasons stated in this memorandum opinion and order, with there being no genuine issue of material fact, Direct Marketing is entitled to a judgment as a matter of law regarding Trudeau's Counterclaim. Accordingly Direct Marketing's motion for the dismissal of that Counterclaim is granted. But as to the like motion against Shop America, Direct Marketing's counsel are ordered to file a reply memorandum on or before May 16, 2003.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2003