# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9014 | **DATE** | 5/30/2003 |
| **CASE TITLE** | Direct Marketing Concepts vs. Kevin Tredeau | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Trudeau's motion for leave to file an amended counterclaim is denied. (52-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 0 2 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 54 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECT MARKETING CONCEPTS, INC., )
)
      Plaintiff, )
)
v. ) Case No. 02 C 9014
)
KEVIN TRUDEAU, ROBERT BAREFOOT, )
SHOP AMERICA (USA) L.L.C., SHOP )
AMERICA MARKETING GROUP, LLC, )
)
      Defendants. )
_____)
)
KEVIN TRUDEAU, ROBERT BAREFOOT, )
SHOP AMERICA (USA) L.L.C., SHOP )
AMERICA MARKETING GROUP, LLC, )
)
      Counterplaintiffs, )
)
v. )
)
DIRECT MARKETING CONCEPTS, INC., )
)
      Counterdefendant, )
)
      and )
)
TRIAD ML MARKETING, INC., and )
KING MEDIA, INC., )
)
  Third-Party Counterdefendants. )

MEMORANDUM OPINION AND ORDER

    This Court has been called upon to expend an inordinate amount of time and effort in addressing a series of attempts by defendants in this action to get around the dismissal of their earlier closely-related action by District Judge Manuel Real of the Central District of California, rather than their awaiting the outcome of the pending appeal from that dismissal to the



Court of Appeals for the Ninth Circuit. Most recently this Court's April 30, 2003 memorandum opinion and order ("Opinion") held that plaintiff-counterdefendant Direct Marketing Concepts, Inc. ("Direct Marketing") was entitled to a judgment as a matter of law as to the then-filed Counterclaim by defendant-counterplaintiff Kevin Trudeau ("Trudeau").

Nothing daunted, Trudeau promptly responded by seeking leave to file an amended counterclaim ("ACc") in which he complains of the identical conduct on the part of Direct Marketing that formed the gravamen of the now-trashed original Counterclaim, but this time limits his grievance to continued conduct of the selfsame sort after June 25, 2002 (the date of Judge Real's dismissal order). That effort of course relies on the notion that <u>claim</u> preclusion on the strength of Judge Real's judgment of dismissal cannot extend to Direct Marketing's post-judgment conduct, in much the same way as (for example) a landlord may file repeated lawsuits seeking to collect for a lessee's successive failures to pay current rent, or an antitrust plaintiff is viewed as having separate--and separately suable--claims for successive violations of the antitrust laws (a concept often dealt with in the context of confirming a sort of rolling statute of limitations applicable to such successive violations).

As Trudeau's counsel correctly note, the Opinion (which, as this Court always does, differentiated between "claim preclusion"

and "issue preclusion" to avoid the confusion often generated by use of the generic label "res judicata"--see Opinion at 3 n.2) invoked claim preclusion as a bar to Trudeau's original Counterclaim. That being so, this Court understandably instructed both sides' counsel to focus on issue preclusion principles (at least in part) in speaking to the potential viability of the ACc. Accordingly Trudeau's Supplemental Memorandum filed May 19 did devote a substantial part of its discussion (Supp. Mem. 6-10) to that subject. But to this Court's surprise, Direct Marketing's contemporaneously filed Memorandum in Opposition simply went back to the same old stand of claim preclusion--indeed, its Mem. 7-8 disclaimed the applicability of issue preclusion.

That has sent to this Court and its "even numbered" law clerk back to the books on our own--not for the first time. And although it will be repeated here that the cryptic nature of Judge Real's ruling may create some legal problems (a matter to be resolved by the Ninth Circuit), at least for now--that is, until the Ninth Circuit speaks to the issues--the ACc has to be viewed as foreclosed on issue preclusion grounds.

This problem calls for a return to fundamental principles learned in the first year of law school. Trudeau's counsel has quoted La Preferida, Inc. v. Grveceria Modelo, S.A. de C.V., 914 F.2d 900, 905-06 (7th Cir. 1990) for an accurate statement of

3

issue preclusion doctrine, a universally applicable concept set out in Restatement (Second) of Judgments §27 (1980):

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

But what Trudeau (and of course Direct Marketing through its silence) have failed to address adequately is how that doctrine applies with equal force where, as here, the earlier litigation involved a dismissal on the pleadings--on that score here is Restatement §27 cmt. d (emphasis added):

> d. *When an issue is actually litigated*. When an issue is properly raised, <u>by the pleadings</u> or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section. <u>An issue may be submitted and determined on a motion to dismiss for failure to state a claim</u>, a motion for judgment on the pleadings, a motion for summary judgment (see Illustration 10), a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. <u>A determination may be based on a failure of pleading</u> or of proof as well as on the sustaining of the burden of proof.

Despite the cryptic form of Judge Real's dismissal, it must be concluded that the dismissal there stemmed from the failure of Trudeau's state-law-based allegations to state a claim. In that respect it is clearly significant that Trudeau's proposed Lanham Act claim (but not his state law claims) had been attacked as jurisdictionally deficient, while Judge Real had ordered that the claims of coplaintiff Robert Barefoot be submitted to

4

arbitration. With Trudeau's state law claims having been challenged for their legal sufficiency, the dismissal of those claims really has to be viewed as so grounded. Trudeau's arguments and citations to cases stating that issue preclusion does not come into play where the first court's decision did not make clear what was being decided are beside the mark--in this instance Judge Real expressly denied Trudeau's attempt to present an amended complaint that sought to assert claims of the very same nature that have grounded the original Counterclaim and the proposed ACc in this action.[1]

Unsurprisingly, not many reported cases deal with issue preclusion where the first lawsuit has been disposed of in Fed. R. Civ. P. 12(b)(6) terms or the equivalent. But what law there is clearly confirms the applicability of issue preclusion to the situation here. Florasynth Labs., Inc. v. Goldberg, 191 F.2d 877 understandably spoke in the vocabulary universally employed in those days (actually it employed "res adjudicata" rather than "res judicata"--see id. at 877, 880), but its ruling is squarely applicable to this case (id. at 879):

---

[1] That being so, it is really a red herring for counsel to urge "that Trudeau never litigated his contract and quasi-contract claims or the elements of those claims in the prior suit." It is precisely Judge Real's rejection--whether right or wrong--of the opportunity to litigate those claims that equates to a determination that such claims were legally insufficient, for he had earlier dismissed different theories of recovery based on the identical core of operative facts.

5

> Most of the allegations of the present complaint are in
> almost the identical language of the allegations in the
> former complaint and the prayer is in identical
> language. The only actual difference in the two
> complaints is that the present complaint limits the
> alleged infringements and resulting unfair practices of
> the defendants to the period of time since June 29,
> 1949, the date the decree dismissing the former
> complaint was entered. The plaintiff contends that
> because the present complaint alleges acts of
> infringement and unfair competition subsequent to the
> entry of the decree dismissing the former action, the
> present complaint states a new and different cause of
> action and that, therefore, the dismissal of the
> present complaint on the doctrine of res adjudicata was
> improper.
>
> Even if we agree, arguendo, that a complaint alleging
> tortious acts of the same type as those alleged in a
> former complaint, but occurring subsequent to the entry
> of a judgment in the former action, presents a new and
> different cause of action, we may still have an
> adjudication of basic factual questions presented in
> and decided by a judgment on the first complaint which
> is binding on the parties in the second action. Such
> is the case here.[2]

Here Trudeau's counsel candidly admit that all of his newly tendered allegations remain unchanged except for the timing of the substantively identical acts that assertedly give rise to his damages. Although the <u>Florasynth</u> opinion dealt with an earlier dismissal that had explained <u>why</u> the initial complaint was flawed (as Judge Real did not), for the reasons already stated that amounts to a distinction without a difference. It should again

---

[2] [Footnote by this Court] Cf. <u>Cannon v. Loyola Univ. of Chicago</u>, 784 F.2d 777, 781 (7th Cir. 1986), which stated that for purposes of collateral estoppel (the old label for issue preclusion) "dismissal...for failure to state a claim upon which relief could be granted was clearly a decision on the merits of that claim."

6

be emphasized (as was done in the Opinion) that this Court expresses no view as to the propriety or sustainability of Judge Real's decision, for once again that is for the Ninth Circuit and not for this Court to determine.

## Conclusion

Although this conclusion regrettably owes nothing to the efforts of counsel for the successful litigant, this Court holds that Trudeau's proposed ACc is barred on issue preclusion principles, just as his original Counterclaim was barred by claim preclusion. Leave to file the ACc is therefore denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 30, 2003