
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9014 | **DATE** | 6/3/2003 |
| **CASE TITLE** | Direct Marketing Concepts vs. Kevin Trudeau, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. So no matter how many different ways, and in how many different wrappers, Trudeau tries to dress up his claim against Direct Marketing, it remains a single claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** | |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | JUN 0 5 2003 | | |
| | Notified counsel by telephone. | | | date docketed | SS | |
| | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | 6/4/2003 | | |
| | | courtroom deputy's initials | 03 JUN -4 AM 11:22 | date mailed notice | | |
| SN | | | 01 03-0371J Date/time received in central Clerk's Office | SN mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECT MARKETING CONCEPTS, INC.,

    Plaintiff,

v.

KEVIN TRUDEAU, ROBERT BAREFOOT, SHOP AMERICA (USA) L.L.C., SHOP AMERICA MARKETING GROUP, LLC,

    Defendants.

KEVIN TRUDEAU, ROBERT BAREFOOT, SHOP AMERICA (USA) L.L.C., SHOP AMERICA MARKETING GROUP, LLC,

    Counterplaintiffs,

v.

DIRECT MARKETING CONCEPTS, INC.,

    Counterdefendant,

and

TRIAD ML MARKETING, INC., and KING MEDIA, INC.,

    Third-Party Counterdefendants.

Case No. 02 C 9014

DOCKETED
JUN 0 5 2003

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

After the issuance of its May 30, 2003 memorandum opinion and order ("Opinion II")[1] that denied leave to Trudeau to assert his proposed ACc, this Court has turned to the undisposed-of Fed. R. Civ. P. ("Rule") 56 motion for summary judgment against Shop

---

[1] This supplement naturally assumes full familiarity with Opinion II. Its factual recital will not be repeated, and all defined terms in Opinion II will be employed here as well.



America (USA) L.L.C. and Shop America Marketing Group L.L.C. (collectively "Shop America") as to the original Counterclaim that Shop American had filed with Trudeau. Analysis of that motion has prompted this Court's realization that it ought to articulate explicitly an aspect of its conceptualization of Trudeau's efforts that it addressed in its earlier April 30, 2003 memorandum opinion and order ("Opinion I"), but that was only implicitly (though importantly) a part of Opinion II.

It will be recalled that Trudeau's first complaint in the California Action before Judge Real had been predicated on theories of misappropriation of his name and likeness by Direct Marketing. When Judge Real dismissed Trudeau's action, Trudeau then sought to advance the identical set of facts as the predicate for recovery under breach of contract and unjust enrichment theories. And of course those selfsame facts have formed the gravamen of Trudeau's original Counterclaim and proposed ACc here.

What Trudeau continues to ignore here, just as he did in his submissions that this Court rejected in Opinion I, is that his efforts to assert multiple--and shifting--theories of recovery for a single course of conduct that assertedly inflicts harm on him present just one "claim for relief," which is the operative term in federal pleading. In that respect this supplement might well repeat the insightful and incisive treatment of that subject

in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992), quoted at length in Opinion 1.

So no matter how many different ways, and in how many different wrappers, Trudeau tries to dress up his claim against Direct Marketing, it remains a single claim. And it will be remembered that a Rule 12(b)(6) denial is a ruling that the complaint has flunked the test articulated nearly a half-century ago in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and reaffirmed in Hishon v. King & Spalding, 467 U.S. 69, 73 (1984):

> A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

That then further confirms the applicability against Trudeau of issue preclusion, as held in Opinion II, just as it supported the application of claim preclusion, as held in Opinion I. And that is why Trudeau's proposed ACc is barred, just as his original Counterclaim was.

Milton I. Shadur
Senior United States District Judge

Date: June 3, 2003